ERIC W. SWANIS, ESQ.
Nevada Bar No. 6840
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email: swanise@gtlaw.com
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DOMINIC COLUCCI and JENNIFER COLUCCI,<br><br>Plaintiffs,<br><br>v.<br><br>C. R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC,<br><br>Defendants. | CASE NO. 2:21-cv-00324-APG-BNW<br><br>**STIPULATION TO AND [PROPOSED] ORDER TO STAY DISCOVERY AND ALL PRETRIAL DEADLINES** |

Pursuant to Federal Rule of Civil Procedure 26(c) and (d) and LR IA 6-2, Plaintiffs Dominic Colucci and Jennifer Colucci in the above-titled action and Defendants C. R. Bard, Inc. and Bard Peripheral Vascular, Inc. ("Defendants" and collectively with Plaintiffs, the "Parties"), respectfully request that this Court temporarily stay discovery and all pretrial deadlines until June 28, 2021 while the Parties finalize settlement documents. In support thereof, the Parties state as follows:

1. This case is related to the Multi-District Litigation proceeding *In re Bard IVC Filters Products Liability Litigation*, MDL 2641 (D. Ariz.), pending before Senior Judge David Campbell in the United States District Court for the District of Arizona.

2. Plaintiffs allege experiencing complications following the implantation of a Bard Inferior Vena Cava ("IVC") filter, a prescription medical device. They have asserted three strict products liability counts (manufacturing defect, information defect (failure to warn) and design

1

1   defect), six negligence counts (design, manufacture, failure to recall/retrofit, failure to warn, negligent
2   misrepresentation and negligence per se), two breach of warranty counts (express and implied), two
3   counts sounding in fraud (fraudulent misrepresentation and fraudulent concealment), an unfair and
4   deceptive trade practices count, a claim for loss of consortium, and a claim for punitive damages.

5          3.      Defendants deny the allegations contained in the Complaint.

6          4.      After four years, the completion of general issue discovery, and the conduct of three
7   bellwether trials, Judge Campbell ordered that cases, which have not settled or are not close to settling,
8   be transferred or remanded to the appropriate jurisdictions around the country for case-specific
9   discovery and trial. As a part of that process, he established a "track" system, wherein certain cases
10  were placed on tracks either to finalize settlement paperwork, continue settlement negotiations, or be
11  remanded or transferred.

12         5.      This case was transferred to this Court on February 25, 2021. However, the Parties
13  have engaged in further settlement discussions and have reached a settlement in principle. Therefore,
14  the Parties believe that a stay is necessary to conserve their resources and attention so that they may
15  finalize settlement documents in this case and those of the other plaintiffs represented by Plaintiffs'
16  counsel with cases pending before this Court and others across the country.

17         6.      Accordingly, the Parties request that this Court issue an order staying discovery and
18  pretrial deadlines until June 28, 2021.

19         7.      A district court has broad discretion over pretrial discovery rulings. *Crawford-El v.
20  Britton*, 523 U.S. 574, 598 (1998); *accord Republic of Ecuador v. Hinchee,* 741 F.3d 1185, 1188-89
21  (11th Cir. 2013); *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning
22  Eng'rs, Inc.,* 755 F.3d 832, 837 (7th Cir. 2014); *see also Cook v. Kartridg Pak Co.,* 840 F.2d 602,
23  604 (8th Cir. 1988) ("A district court must be free to use and control pretrial procedure in furtherance
24  of the orderly administration of justice.").

25         8.      Under Federal Rules of Civil Procedure 26(c) and 26(d), a court may limit the scope
26  of discovery or control its sequence. *Britton*, 523 U.S. at 598. Although settlement negotiations do
27  not automatically excuse a party from its discovery obligations, the parties can seek a stay prior to the
28  cutoff date. *Sofo v. Pan-Am. Life Ins. Co.,* 13 F.3d 239, 242 (7th Cir. 1994); *see also Wichita Falls*

1  *Office Assocs. v. Banc One Corp.,* 978 F.2d 915, 918 (5th Cir. 1993) (finding that a "trial judge's
2  decision to curtail discovery is granted great deference," and noting that the discovery had been
3  pushed back a number of times because of pending settlement negotiations).

4      9.    Facilitating the efforts of parties to resolve their disputes weighs in favor of granting
5  a stay.  In *Coker v. Dowd*, 2:13-cv-0994-JCM-NJK, 2013 U.S. Dist. LEXIS 201845, at *2-3 (D. Nev.
6  July 8, 2013), the parties requested a 60-day stay to facilitate ongoing settlement negotiations and
7  permit them to mediate global settlement.  The Court granted the stay, finding the parties would be
8  prejudiced if required to move forward with discovery at that time and a stay would potentially
9  prevent an unnecessary complication in the case.  *Id*. at *3.  Here, the Parties have reached a settlement
10 in principle.

11     10.    The Parties agree that the relief sought herein is necessary to handle the case in the
12 most economical fashion yet allow sufficient time to schedule and complete discovery if necessary,
13 consistent with the scheduling obligations of counsel.  The relief sought in this stipulation is not being
14 requested for delay, but so that justice may be done.
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

3

ACTIVE 56009509v3

WHEREFORE, the Parties respectfully request that discovery and all pretrial deadlines be stayed until June 28, 2021 to allow the Parties to finalize settlement documents.

**IT IS SO STIPULATED.**

DATED this 29th day of March 2021.

| FEARS NACHAWATI, PLLC | GREENBERG TRAURIG, LLC |
|---|---|
| */s/ Mike H. T. Nguyen* <br> Mike H. T. Nguyen <br> Nevada Bar No. 12055 <br> Email: m_nguyen@thenguyenlaw.com <br> Nguyen & Associates, LLC <br> 6831 Ponderosa Way <br> Las Vegas, NV 89118 <br> Tel. 702-999-8888 | */s/ Eric W. Swanis* <br> Eric W. Swanis <br> Nevada Bar No. 6840 <br> Email: swanise@gtlaw.com <br> 10845 Griffith Peak Drive, Suite 600 <br> Las Vegas, Nevada 89135 <br> Telephone: (702) 792-3773 <br><br> *Counsel for Defendants* |
| */s/ Kelly Chermack* <br> Kelly Chermack <br> *Pro Hac Vice* Forthcoming <br> Texas Bar No. 24121361 <br> Email: kchermack@fnlawfirm.com <br> 5473 Blair Road <br> Dallas, TX 75231 <br> Telephone: (214) 890-0711 <br> Facsimile: (214) 890-0712 <br><br> *Counsel for Plaintiffs* | |

**ORDER**

**IT IS SO ORDERED**

**DATED:** 3:35 pm, April 02, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

4

ACTIVE 56009509v3